IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH L. PIKAS**, et al., | : | Case No. 1:06cv778 |
| | : | |
| Plaintiffs, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING |
| | : | MOTIONS TO DISMISS AND |
| **THE WILLIAMS COMPANIES, INC.**, et al., | | GRANTING MOTION TO |
| | : | TRANSFER VENUE |
| Defendants. | : | |

This matter comes before the Court on Defendant The Williams Companies, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b)(2) and, Subject Thereto, Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim (doc. 14); Defendants' Motion to Dismiss for Improper Venue Under Federal Rule of Civil Procedure 12(b)(3), or, in the Alternative Motion to Transfer Venue (doc. 15); Plaintiffs' Memorandum in Opposition to Williams' Dismissal Motion and Defendants' Venue Motion (doc. 20); and Defendants' Reply to Plaintiffs' Memorandum in Opposition to Williams' Dismissal Motion and Defendants' Venue Motion (doc. 24). For the reasons that follow, the Court **DENIES** Defendant The Williams Companies, Inc.'s motions to dismiss, **DENIES** Defendants' motion to dismiss, and **GRANTS** Defendants' motion to transfer.

**I. BACKGROUND**

Plaintiff, Joseph L. Pikas, filed a class action complaint on November 11, 2006, against The Williams Companies ("Williams"), the parent company of Pikas' employer, and the Williams Pension Plan (the "Williams Plan"), the pension plan in which Pikas was a participant at the time of his retirement in 2002. Pikas' action seeks to enforce and to redress violations of

1

the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. on behalf of himself and all other members of the class of persons defined as:

> all vested participants in the Williams Pension Plan ("Williams Plan") and/or the predecessor Transco pension plans ("Transco Plan") who (a) retired or terminated from employment on or after November 15, 1991, (b) were entitled to receive pension benefits consisting, in whole or in part, of a pension benefit under the Transco Plan or a Grandfathered Pension, Early Grandfathered Pension, or Deferred Grandfathered Pension pursuant to Appendix XIX of the Williams Plan, and (c) elected to receive their pension benefits in the lump sum form of payment.

(Doc. 1 ¶ 8.) Pikas alleges that the Williams Plan's practice of paying lump sum distributions that did not include the value of automatic cost of living adjustments violated ERISA.

Pikas is a citizen of Texas. He became employed by Transco Gas Pipe Line Corporation in 1966 and worked continuously for Transco or its successors-in-interest until his retirement in 2002. In 1995, Transco was acquired by The Williams Companies, a Delaware corporation with its principal executive office in Tulsa, Oklahoma. From then on, Pikas' employer was a Williams subsidiary now known as Williams Gas Pipeline Company, LLC. The Transco pension plan in which Pikas was originally a participant was merged into the Williams Pension Plan in 1999. From then until his retirement, Pikas was a participant in the Williams Pension Plan. Pikas alleges that Williams is the plan administrator of the Williams Plan and controls administration of the Plan through its Board of Directors, Benefits Committee, and Administrative Committee. (*Id*. ¶ 6.) Pikas retired in 2002 and elected to receive his benefits in a lump sum distribution, which he received in November 2002. (*Id*. ¶ 4.)

Williams asserts that it is not subject to this Court's jurisdiction based on the "marked absence of contacts between [it] and the state of Ohio" and, therefore, the claims against it

should be dismissed pursuant to Rule 12(b)(2). In addition, Williams asserts that it is not a proper defendant for Plaintiffs' ERISA claims because it is not the plan administrator, thus it should be dismissed under Rule 12(b)(6). Subject to the motions under Rule 12(b)(2) and 12(b)(6), Defendants also move to dismiss the case for improper venue under Rule 12(b)(3) or, in the alternative, to transfer venue to Oklahoma. The Court heard oral argument from the parties on Defendants' motions on June 13, 2007.

## II. ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(2)

Williams asserts that this Court does not have personal jurisdiction over it. The plaintiff bears the burden of proving that the court may properly exercise personal jurisdiction over the defendant. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

Pikas asserts that personal jurisdiction in ERISA actions is conferred nationwide by ERISA § 502(e)(2), thus this Court has personal jurisdiction over Williams. 29 U.S.C. § 1132(e)(2) (providing for service of process "in any other district where a defendant resides or may be found"); s*ee also Medical Mutual of Ohio v. deSoto*, 245 F.3d 561, 566 (6th Cir. 2001) ("Rather than asking whether the defendant has sufficient minimum contacts with the forum state for the exercise of jurisdiction . . ., a court should ask whether the defendant has sufficient minimum contacts with the United States.") Williams does not contend that it does not have personal contacts with any of the fifty United States. Rather, Williams' position is that because Pikas does not state a valid ERISA claim against Williams, ERISA's nationwide personal jurisdiction provision cannot confer jurisdiction over it. *Gagnon v. Emerson Elec. Benefit Health Plan & Trust Fund*, No. 2:01-CV-14, 2001 WL 34399192 at *2 (W.D. Mich. Aug. 13,

3

2001) ("Application of § 1132(e)(2)'s nationwide service of process provision only applies if the action is truly brought under ERISA."); *see also Verizon Employee Benefits Committee v. Adams*, No. Civ. A. 3:05-CV-1793-M, 2006 WL 66711 at *4 (N.D. Tex. Jan. 11, 2006) (finding that because the plaintiff had failed to state a claim upon which relief could be granted under ERISA, the plaintiff could not rely upon ERISA's nationwide service of process provision to support an assertion of personal jurisdiction over the nonresident defendant).

ERISA § 502(e)(2) allows for personal jurisdiction over a defendant with minimum personal contacts with any of the fifty United States. Williams has personal contacts with several states. Thus, Pikas has met its burden of demonstrating that the Court has personal jurisdiction over Williams to the extent that Pikas has properly stated an ERISA claim against it. As discussed in the following section, Pikas has stated a claim against Williams, thus Williams' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is denied.

**B.     Motion to Dismiss Under Rule 12(b)(6)**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007) (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). "In analyzing the complaint, all the factual allegations must be viewed in the light most favorable to the plaintiff and the plaintiff must receive the benefit of all reasonable inferences from the facts in the complaint." *Id*. (citing *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Village Sch. Dist.*, 428 F.3d 223, 228 (6th Cir. 2005)). "Only well-pleaded facts, however, must be taken as true. The trial court need not accept as true legal

conclusions or unwarranted factual inferences." *Lewis v. ABC Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A claim for ERISA benefits under § 1132 can be maintained against the Plan itself or the administrator or fiduciary of the plan. 29 U.S.C. § 1132(d)(2); *see also Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). ERISA defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. 1002(16)(A). If the plan does not designate an administrator, then the plan sponsor, in this case the employer, is deemed the administrator. Several circuits have concluded that if a company or plan sponsor retains control over the decisions regarding benefits or is in fact administering a plan, it can be held liable for ERISA violations regardless of the provisions of the plan document. *See Law v. Ernst & Young*, 956 F.2d 364, 373-74 (1st Cir. 1992); *Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992). The Sixth Circuit likewise has found that an employer may be a proper party defendant in an ERISA action to recover benefits if the plaintiff demonstrates that the employer controlled the administration of the plan. *Daniel*, 839 F.2d at 266.

To state a claim against an employer in an ERISA action to recover benefits, therefore, a plaintiff must allege that the employer is the de facto plan administrator. *See Burklow v. Local 215 Intern. Broth. of Teamsters*, No. 4:02cv32, 2005 WL 3237149, *3 (W.D. Ky., Nov. 28, 2005). In *Burklow*, the court found that the plaintiff's claim against his employer failed as a matter of law because he did not allege in the complaint or argue in response to the motion for summary judgment that the employer was the plan administrator, took an active part in the administration of the plan, or had any control whatsoever over the plan. *Id.*; *see also Esden v.*

5

*Bank of Boston*, 5 F. Supp. 2d 214, 217-18 (D. Vt. 1998) (dismissing defendant bank from ERISA action because plaintiff's complaint did not allege that bank was the de facto administrator of the plan).

Williams directs the Court to relevant Plan documents, namely, excerpts of the Williams Pension Plan ("Plan Document") and the Summary Plan Description for Williams Pension Plan ("SPD") (doc. 14-2, Gehres Aff., Exs. A and B) to demonstrate that the Administrative Committee, not Williams, is the Plan administrator.[1] The Plan Document states that "[t]he Administrative Committee shall serve as plan administrator. . . ." (Doc. 14-2 at 10.) The Administrative Committee, consisting of not less than three members, is appointed by the Benefits Committee, whose members are appointed by the Williams Companies, Inc.'s Board of Directors. (Doc. 14-2 at 9, 11.) The SPD further clarifies the Administrative Committee's role:

> The operation of the Plan is directed by a Benefits Committee appointed by the Board of Directors of The Williams Companies, Inc. The Benefits Committee has appointed an Administrative Committee, which administers the Plan on a day-to-day basis. The Administrative Committee is the Plan Administrator.

(Doc. 14-3 at 22.) Plan participants who have questions about the Plan are directed to contact the Administrative Committee at the following address:

> Administrative Committee
> Williams Pension Plan
>  c/o The Williams Companies, Inc.
> One Williams Center, 47-3
> P.O. Box 2400
> Tulsa, OK 74102

---

[1] Because Pikas refers to the Williams Pension Plan in his Complaint, the Court may consider relevant Plan documents even on a motion to dismiss under Rule 12(b)(6) without converting the motion to dismiss into one for summary judgment. *See Dirkes v. Continental Casualty Co.*, No. 1:05cv254, 2006 WL 2381444, at *2, n.1 (S.D. Ohio Aug. 16, 2006).

(*Id*.) The SPD further informs that The Williams Companies, Inc. is the "Plan sponsor," and that "The Williams Companies Inc. . . . has the right to amend or terminate the Plan, in whole or in part, ant any time." (Doc. 14-3 at 25.)

Pikas responds that Williams is an appropriate defendant in this action because, although it is not explicitly the plan administrator, it is the de facto administrator. Specifically, argues Pikas, because the Williams Board of Directors appoints the Benefits Committee, which in turn appoints the Administrative Committee that administers the Plan, Williams controls the administration of the Plan. Pikas additionally points to materials outside the pleadings to support its contention, namely, two letters regarding Pikas and his participation in the Williams Plan. (Doc. 20 Exs. D and E.) However, the Court declines to consider these materials as doing so would require the conversion of Williams' motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(b).

In this case, unlike in *Burklow* and *Esden*, Pikas has expressly alleged that Williams is the de facto administrator of the Plan, even though the Plan documents designate the Administrative Committee as the Plan administrator. The Plan Documents themselves do not necessarily foreclose the possibility that Williams is the de facto plan administrator. *See*, *e.g.*, *Rosen*, 979 F.2d at 193 n. 1 (stating that those opinions which conclude that a company is not a proper defendant in an ERISA case solely because the plan instrument designates a plan administrator improperly elevate form over substance). At the least, the members of the Administrative Committee are put in place by persons themselves appointed by Williams Board members, and the Committee's address is at Williams. It is unclear whether the Committee

members are Williams employees and the extent to which their actions might be directed by Williams.

In short, at this stage of the proceedings, and viewing all facts in a light most favorable to the Plaintiff, the Court cannot conclude as a matter of law that Williams is not a proper party defendant to this action. Mindful of the standard recently restated by the Sixth Circuit in *Dubay*, 506 F.3d at 427, that a motion to dismiss under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief," the Court denies Williams' motion.

**C.    Motion to Dismiss Under Rule 12(b)(3) or, in the Alternative, Motion to Transfer Venue**

It is Plaintiff's burden to demonstrate that he has chosen a proper venue in which to assert his claims. *See*, *e.g.*, *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1010 (N.D. Ohio 1998). Under ERISA, venue will lie in the district (1) where the plan is administered, (2) where the breach took place, or (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2).[2]

Defendants move to dismiss the Complaint because, although Pikas asserts that this District is a proper venue based on the third of these provisions, he has set forth no explanation

---

[2] That the Court has jurisdiction over Williams in this ERISA matter under 29 U.S.C. § 1132(e)(2) does not mean that venue in this District is necessarily proper. "[T]he ERISA venue provision could not be intended to mean that a defendant is 'found' in every district, which would result if venue was proper everywhere a district court could exercise personal jurisdiction. That would make the language of the venue provision superfluous and inconsistent with the language of the service of process provision, which permits the service of process in any *other* district in which the action is brought. That also would be unfair to the defendants, even considering the liberal intention of Congress." *McFarland v. Yegen*, 699 F. Supp. 10, 14 (D.N.H. 1988) (citations omitted).

as to how either the Plan or Williams may be "found" in the Southern District of Ohio. In the alternative, Defendants move to transfer the case to the Northern District of Oklahoma, the district in which the Plan is administered, pursuant to 28 U.S.C. § 1404(a).[3] Pikas responds that Williams may be found in Ohio because it purposefully avails itself of doing business in the state through the activities of its subsidiaries and because of the extensive activities of its subsidiaries in the state. As Pikas does not allege that the Plan or Williams itself is subject to personal jurisdiction in Ohio, venue in this District relies entirely on whether the contacts of Williams' subsidiaries can rightly be imputed to Williams.

For ERISA venue purposes, a defendant may be found "in any district in which its 'minimum contacts' would support the exercise of personal jurisdiction." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006). "The minimum contacts standard, in turn, is satisfied when the 'defendant's contacts with the forum state are "substantial" and "continuous and systematic," so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state.'" *Id*. (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003)). "The mere presence of a corporate subsidiary does not give jurisdiction over the parent," *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 235 n. 26 (6th Cir. 1972). However, courts in this District have used "the theories of merger and attribution in order to determine whether a nonresident defendant was subject to personal jurisdiction in Ohio based on its relationship with its subsidiary." *Executone of*

---

[3] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

9

*Columbus, Inc. v. Inter-Tel, Inc.*, No. 2:06cv126, 2006 WL 3043115, at *10 (S.D. Ohio Oct. 24, 2006) (citing *In re Telectronics Pacing Systems, Inc.*, 953 F. Supp. 909, 920 (S.D. Ohio 1997)).

Pikas states that Williams describes itself as virtually indistinguishable from its subsidiaries, referring to Williams' Annual Report, or Form 10-K, filed Feb. 28, 2007 with the United States Securities and Exchange Commission. Part I., item 1 of the Annual Report states, "[i]n this report, Williams (which includes The Williams Companies, Inc. and, unless the context otherwise requires, all of our subsidiaries) is at times referred to in the first person as 'we,' 'us' or 'our.' . . . Substantially all of our operations are conducted through our subsidiaries." (Doc. 20-3 at 7, 11.) Pikas also states that Williams has conducted activities in the State of Ohio through at least five subsidiaries: Williams Power Company, Inc., active in Ohio since 1995 and which invoked the federal court's jurisdiction by impleading a third-party defendant in 2002; Williams Gas Pipeline Company, LLC, active in Ohio from 1995 to 2003 and which invoked the federal court's jurisdiction by removing a case from state court in 1998; Williams Natural Gas Liquids, Inc., active in Ohio since 1998; Williams Communications Group, Inc., active in Ohio from 1995 to 2001; and Thermogas Company, active in Ohio from 1998 to 1999. (Doc. 30 at 11-12.) Pikas' position is that the activities of these Williams subsidiaries satisfies the "minimum contacts" standard for venue in an ERISA action.

Contrary to Pikas' assertion, Williams is not subject to personal jurisdiction in Ohio based on its relationship with its subsidiaries. There are no grounds for finding "minimum contacts" on either an attribution or merger theory.

> The theory of attribution is that a subsidiary conducts business on behalf of its parent, and thus, the parent "'purposefully avails' itself of doing business in the forum by accessing the market through a subsidiary." Attribution most typically occurs when a

>nonresident parent distributes its products in the forum through the use of a subsidiary but can also be found when a "parent uses the subsidiary to do what it otherwise would have done itself."

*Executone*, 2006 WL 3043115 at *10 (citations omitted) (quoting *In re Telectronics*, 953 F. Supp. at 919).  In this case, Williams is a holding company.  (Shore Aff. 2 ¶ 18, doc. 24-2 at18.) It is not distributing products in Ohio through the use of its subsidiaries, nor is it using its subsidiaries to do what it otherwise would have done itself.  (*Id*.)  "[T]he subsidiaries have their own businesses and perform their own business operations autonomously under their own management, without TWC [Williams] directing their day-to-day operations."  (*Id*.)  Pikas has offered no evidence to suggest that in the absence of its subsidiaries, Williams would have conducted the operations of those subsidiaries itself.  Accordingly, the theory of attribution does not apply in this case to subject Williams to personal jurisdiction in Ohio.

Neither does the theory of merger apply to confer jurisdiction over Williams in Ohio. "Merger is the notion that the parent and subsidiary are 'so closely aligned that it [sic] reasonable for the parent to anticipate being "haled" into court in the forum because of its relationship with its subsidiary.'"  *Executone*, 2006 WL 3043115 at *10 (citations omitted) (quoting *In re Telectronics*, 953 F. Supp. at 919).  Factors to be considered in analyzing whether a parent and subsidiary are "merged" for jurisdictional purposes include "an overlap in board of directors and officers, interchange of personnel between the parent and the corporation, exchange of documents and records between the parent and the subsidiary, listing subsidiary as a branch, agent or division of the parent, or indicating that the subsidiary and parent are part of the same entity." *In re Telectronics*, 953 F. Supp. at 919.

While the introductory paragraphs of Williams' Annual Report indicate that Williams' operations are conducted through its subsidiaries, this alone does not indicate that Williams' subsidiaries can be merged into Williams for jurisdictional purposes. As demonstrated by the affidavit of Williams's Corporate Secretary, Brian Shore, there is little if any overlap between directors and officers between Williams and its subsidiaries, and their offices are functionally if not physically separate from one another. (Doc. 24-2 at 15-19.) Furthermore, of the five subsidiaries referenced by Pikas as having contacts with Ohio, only two are currently subsidiaries which are licensed or registered to do business in the state; Williams Power Company, Inc. and Williams Natural Gas Liquids, Inc. (*Id.*) The evidence put forth by Pikas thus fails to demonstrate that the activities of Williams' subsidiaries satisfies the "minimum contacts" standard for venue in an ERISA action.

That in of itself does not militate a dismissal of this action, however. Rather, it is within the discretion of the Court to transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a).[4] "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). "[I]f the action is properly transferable pursuant to § 1404(a), assuming venue is proper in this district, then *a fortiori* the action will also be properly transferable pursuant to § 1406(a), assuming venue in this district is improper."

---

[4] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although Defendants move in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a), that section authorizes a transfer only when venue is proper in the transferor district.

*Sheet Metal Workers' National Pension Fund v. Gallagher*, 669 F. Supp. 88, 91 (S.D.N.Y. 1987) (transferring ERISA action without resolving whether the court had personal jurisdiction over the defendants or whether venue was proper).

Venue for this action is proper in the Northern District of Oklahoma, which is where the Plan is administered.  The Court finds that it is in the interest of justice to transfer the case to the Northern District of Oklahoma.

### III.     CONCLUSION

For the foregoing reasons, Defendant The Williams Companies, Inc.'s motion to dismiss for lack of personal jurisdiction and motion to dismiss for failure to state a claim (doc. 14) are **DENIED**.  Defendants' motion to dismiss for improper venue or, in the alternative, motion to transfer venue (doc. 15) is **DENIED** in regard to dismissal and **GRANTED** in regard to transfer.  The Court hereby orders that this case be transferred to the Northern District of Oklahoma for all further proceedings.

IT IS SO ORDERED.


       ___s/Susan J. Dlott_____
       Susan J. Dlott
       United States District Judge